# ReedSmith

Reed Smith LLP
Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, NJ 08540-7839
Tel +1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

**Laura K. Conroy**
Direct Phone: +1 609 514 5956
Email: lconroy@reedsmith.com

July 9, 2015

<u>Via ECF</u>

Honorable Esther Salas, U.S.D.J.
U.S. District Court for the District of N.J.
MLK Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Honorable Michael A. Hammer, U.S.M.J.
U.S. District Court for the District of N.J.
MLK Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re:   Valladares v. Wells Fargo Bank, N.A., et al.
U.S. District Court for the District of NJ, Case No. 2:15-cv-02408-ES-MAH**

Dear Judge Salas and Judge Hammer:

This firm represents Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") (MERS and Wells Fargo are collectively referred to as the "Defendants") in the above-referenced matter. Pending before the Court, and scheduled for disposition on August 3, 2015, is Defendants' Motion to Dismiss the Complaint. [PACER No. 12]. Defendants are in receipt of a Notice of Pending Chapter 13 Bankruptcy Stay in Support of Staying the Motion to Dismiss [PACER No. 13] filed by Plaintiff Marvin Valladares ("Plaintiff" or "Valladares").

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ SHANGHAI ♦ PITTSBURGH ♦ HOUSTON
SINGAPORE ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ ATHENS ♦ KAZAKHSTAN

Diane A. Bettino ♦ Office Administrative Partner ♦ A Limited Liability Partnership formed in the State of Delaware

**ReedSmith**

Please accept this letter brief in lieu of a more formal opposition to the Plaintiff's request to stay the Motion to Dismiss.

## PRELIMINARY STATEMENT

Plaintiff has filed a request to stay Defendants' Motion to Dismiss the Complaint due to his bankruptcy petition. This request is improper, as the only claims before this Court are Plaintiff's affirmative claims against Wells Fargo and MERS. The purpose of the automatic stay is to protect a debtor from actions filed by creditors. Here, Wells Fargo and MERS have not asserted any claims against the Plaintiff, and the relief sought in the pending Motion to Dismiss requests that the Court dismiss the Complaint because it is a collateral attack on a state court Foreclosure Action which was already completed through to final judgment. Wells Fargo and MERS's objection to staying the Motion to Dismiss before this Court does not prejudice Valladares' right to seek a stay in an applicable state court proceeding, should he have any such right. Rather, it is Defendants' position that the Plaintiff's affirmative claims before this Court are not stayed by his bankruptcy filing, and the Defendants' Motion to Dismiss should not be stayed.

Honorable Esther Salas, U.S.D.J.  
Honorable Michael A. Hammer, U.S.M.J.  
July 9, 2015  
Page 3

**ReedSmith**

## LEGAL ARGUMENT

**The Bankruptcy Stay is Inapplicable to Valladares' Claims Against Wells Fargo and MERS, and It Does Not Shield Valladares When He is the Plaintiff Who Brought the Action Against Wells Fargo and MERS.**

Plaintiff relies on 11 U.S.C. § 362(a)(3) as the basis for the stay of proceedings. The statute states that filing a bankruptcy petition serves as a stay for "(3) any act to obtain possession of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). In certain situations, that provision may prevent a creditor from foreclosing or repossessing a debtor's property. However, it is not relevant to the claims Valladares has asserted against Wells Fargo and MERS.

First, and most importantly, the stay contemplated under Section 362 only protects debtors in the event that <u>they are being sued for a debt</u> – it does not bar affirmative actions brought by a debtor (even a bankrupt one) against a third party. *See* 11 U.S.C. § 362(a)(3). To decide otherwise would be contrary to principles of fairness – it would allow a person to wield the sword of litigation, and then hide behind the shield of bankruptcy, thus absolving them from any responsibility of prosecuting the action they brought and permitting a meritless lawsuit such as this one to linger on.

In the matter before this Court, Wells Fargo and MERS did not sue Valladares; rather Valladares sued Wells Fargo and MERS. Even though Valladares has filed for bankruptcy, he is still held to the consequences of filing this lawsuit – which includes the

Honorable Esther Salas, U.S.D.J.  
Honorable Michael A. Hammer, U.S.M.J.  
July 9, 2015  
Page 4

ReedSmith

responsibility to defend against dispositive motions. Thus, Section 362 does not have any relevance to Wells Fargo and MERS's Motion to Dismiss, and there is no reason for this Court to avoid deciding the motion on the merits.

## CONCLUSION

Based on the foregoing, Defendants Wells Fargo and MERS request that the Court deny Plaintiff's request to stay the Defendants' Motion to Dismiss. We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ *Laura K. Conroy*

Laura K. Conroy

cc: Marvin Valladares, *pro se* (by certified, regular and overnight mail)  
     Diane A. Bettino, Esq. (by interoffice delivery)