UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN ESBRAND,<br><br>                            Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                           Defendant. | Civ. No. 15-cv-1148 (KM)<br><br>**MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the court on the motion (ECF no. 9) of the defendant, Wells Fargo, to dismiss the First Amended Complaint for failure to state a claim. *See* Fed R. Civ. P. 12(b)(6).

**Procedural History and First Amended Complaint**

Mr. Esbrand's property has been the subject of a mortgage foreclosure in state court, No. F-25274-09. (*See* docket, ECF no. 9-13) That action went to final judgment in 2010, and the judgment was amended on July 1, 2013. (ECF nos. 9-11, 9-12)

On February 11, 2015, Mr. Esbrand filed a civil complaint in this court. (ECF no. 1) Wells Fargo moved to dismiss it on a variety of grounds. (ECF no.7)

Mr. Esbrand responded by narrowing his allegations, filing a First Amended Complaint on May 12, 2015. (ECF no. 8) Wells Fargo has now moved to dismiss the First Amended Complaint. (ECF no. 9) The motion to dismiss the original Complaint will be administratively terminated as moot. References to the "Complaint," from now on, are to the First Amended Complaint.

The Complaint asserts a single claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. (1AC ¶1) It alleges that the assignments of the mortgage and note are faulty. The mortgage foreclosure action is allegedly a "debt collection action masquerading as a foreclosure action." Esbrand alleges that on January 22, 2014, he served a notice of dispute pursuant to the FDCPA on Wells Fargo, but has received no response.

Esbrand stresses, in the complaint and elsewhere, that he is not attempting to defend against the foreclosure. Rather, he is asserting a claim for damages based on the alleged violations of the FDCPA. The complaint seeks statutory damages of $1000 plus actual, punitive [and] consequential damages as appropriate.

**Standard on a motion to dismiss**

Wells Fargo has moved to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at

570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

In connection with the motion, Wells Fargo proffers materials extrinsic to the complaint. These consist of records of the state court foreclosure proceeding. These are cited, not for the facts contained therein, but only in order to establish the nature and scope of prior proceedings between the parties, and the rulings of the state court. Such records are subject to judicial notice:

> [O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); *see also Funk v. Commissioner*, 163 F.2d 796, 800–01 (3d Cir. 1947) (whether a court may judicially notice other proceedings depends on what the court is asked to notice and on the circumstances of the instant case).

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999). *See generally* Fed. R. Evid. 201.

Even setting aside judicial notice, certain records of the foreclosure action may be considered without converting a Rule 12(b)(6) motion into one for summary judgment. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'") (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

3

Where the plaintiff, like Mr. Esbrand, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

**Analysis**

I consider only the most relevant of Wells Fargo's many arguments. Because two are sufficient to dispose of the motion, I do not reach the rest.

**A.   Failure to State a FDCPA Claim**

The Complaint alleges that Wells Fargo is liable in damages for violations of the FDCPA. It fails to state a claim as a matter of law.

The FDCPA applies only to "debt collectors." 15 U.S.C. § 1692a(6); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000); *FTC v. Check Investors, Inc.*, 502 F.2d 159, 171 (3d Cir. 2007). Under the FDCPA, a debt collector is "any person who uses any instrumental of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6).

The key is that the person be in the business of collecting debts on behalf of others; it does not apply to a person or entity collecting a debt on its own behalf. "Creditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA." *Pollice*, 225 F.3d at 403.

4

Wells Fargo was the holder of the note and mortgage. Indeed, it was the plaintiff in foreclosure, and final judgment of foreclosure was entered in favor of Wells Fargo. At all times, Wells Fargo was a creditor, not a company in the business of collecting debts of another.

In any event, the complaint fails to state any specific facts in support of its claim that Wells Fargo (assuming *arguendo* that it is covered by the Act) performed any forbidden act. The Complaint's allegation that the mortgage foreclosure was a "masquerade[e]," concealing what was truly a debt collection action, is a conclusion, not a fact. And it has no factual basis: this action was a foreclosure, it was litigated as a foreclosure, and it produced a final judgment of foreclosure.

Nor does serving a "notice of dispute" requiring "verification" of the debt upon Wells Fargo turn this into an FDCPA case. The "notice" was allegedly served on January 22, 2014. The foreclosure action had been filed some four years previously, and had gone to final judgment in 2010.

The motion is granted on grounds of failure to state a claim.

### B. Issue Preclusion

To some degree, the complaint rests on allegations familiar from complaints that seek to collaterally attack state mortgage foreclosure judgments in federal court. This is not such an action; as I say, the allegations are focused, and Esbrand disclaims any such intent. But lurking in the Complaint are contentions attacking the chain of assignment, or suggesting that the use of MERS as a nominee created a defect. This seems to be part of the basis for the claim that this was not "really" a mortgage foreclosure, that Wells Fargo should be regarded as a debt collector, or that it lacked standing to pursue the foreclosure.

I focus here on issue preclusion. Whether a state court judgment should have a preclusive effect in a subsequent federal action depends on the law of the state that adjudicated the original action. *See Greenleaf v. Garlock, Inc.*,

5

174 F.3d 352, 357 (3d Cir.1999) ("To determine the preclusive effect of [the plaintiff's] prior state action we must look to the law of the adjudicating state."). *See also Allen v. McCurry*, 449 U.S. 90, 96, 101 S. Ct. 411, 415 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.").

New Jersey follows the usual rule that collateral estoppel bars litigation of facts fully litigated and actually determined in a prior action, even one involving a different claim or cause of action. *See Tarus v. Pine Hill*, 189 N.J. 497, 520 (2007). The issue must (1) be identical to the one previously litigated; (2) have been actually litigated; (3) have been asserted in a case that went to judgment on the merits; (4) have been essential to the prior judgment; (5) be asserted against the same party, or one in privity. *See Twp. Of Middletown v. Simon*, 193 N.J. 228, 236 (2008). The complaint, and documents that may be considered on a motion to dismiss, *see* pp. 3–4, *supra*, conclusively establish those elements here.

The parties are of course the same. The mortgage foreclosure judgment actually and necessarily established that Wells Fargo was the rightful holder of the note and mortgage, and was entitled to foreclose. That was alleged in the foreclosure complaint (ECF no. 9-10 at 5), proven, and incorporated in a final judgment of foreclosure on the merits. (*See* ECF nos. 9-11, 9-12)

For this reason, too, then, the motion to dismiss must be granted. To the extent the FDCPA claim rests on some notion that Wells Fargo is not the mortgage holder but some sort of impostor or stranger to the debt, that issue is foreclosed by collateral estoppel.

## CONCLUSION

Because the grounds discussed here are sufficient, I do not reach the other issues raised by Wells Fargo. For the foregoing reasons, Wells Fargo's motion to dismiss (ECF no. 9) for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), is GRANTED. I have determined that amendment would be futile. The First Amended Complaint is therefore DISMISSED WITH PREJUDICE. An Order is filed herewith.

Dated: March 9, 2016

_____
KEVIN MCNULTY
United States District Judge